**UNITED STATES, Appellee,**

v.

**Edward BOAKYE, Defendant–Appellant.**

**No. 02–1136.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Thomas F.X. Dunn, New York, NY, for Defendant–Appellant.

Daniel S. Ruzumna, Assistant United States Attorney (Robin L. Baker, Assistant United States Attorney; James B. Comey, United States Attorney; on the brief), Southern District of New York, for Respondent–Appellee.

Present: OAKES, KEARSE, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER

*O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 67   n. 5 (2d Cir.2002).

COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Defendant-appellant Edward Boakye appeals from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*), following his conviction of conspiracy to transport and to possess stolen motor vehicles in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2312. The Government's evidence primarily consisted of the testimony of a paid informant, corroborated by photographs and videotapes. On appeal, Boakye challenges the sufficiency of the evidence underlying his conviction. In a "pro-se supplemental brief" and a reply brief, Boakye also contends (1) that his two-level sentence enhancement for obstruction of justice, pursuant to U.S. Sentencing Guideline § 3C1.1, was improper and (2) that his counsel provided ineffective assistance for not having raised this issue in the appellant's opening brief.

■ "[A] defendant making an insufficiency claim bears a very heavy burden." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). We must uphold a jury verdict if " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis omitted)). At trial,

the Government's evidence established that Boakye personally delivered several stolen cars to Oceanlane Shipping's Bronx shipping yard—the conspiracy's base of operations—and that these cars were then sent to Port Elizabeth, New Jersey, for shipping to West Africa. The cars showed clear damage to the door lock cylinders, and, on one occasion, Boakye refused to deliver a car to Oceanlane without an additional payment of $100 because he was afraid of being stopped by the police. Although Boakye suggests that he "was credible in his t[e]stimony and the government informant, a convicted international drug supplier[,] was not," (Appellant's Opening Brief, at 10) "the credibility of witnesses is the province of the jury and we simply cannot replace the jury's credibility determinations with our own." *United States v. Khan*, 53 F.3d 507, 514 (2d Cir.1995). Thus, there was sufficient evidence to support Boakye's conviction.

Boakye also contends that there was no basis for his two-level sentence adjustment for obstruction of justice and that his counsel provided ineffective assistance for not raising the issue in the appellant's opening brief. Sentencing Guideline § 3C1.1 directs a sentencing court to increase a defendant's offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." The commentary to this section states that perjury can serve as the basis for an obstruction-of-justice enhancement. U.S.S.G. § 3C1.1, Appl. Note 4(b). "In order to enhance a defendant's sentence for obstruction of justice [through perjury at trial], the sentencing court must determine by clear and convincing evidence that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of

confusion, mistake, or faulty memory." *United States v. Kelly*, 147 F.3d 172, 178 (2d Cir.1998) (internal quotations omitted). In reviewing an obstruction-of-justice enhancement, we give "due deference to the district court's application of the guidelines to the facts." *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir.1998) (quoting 18 U.S.C. § 3742(e)).

■ At trial, Boakye testified that he had never engaged in or discussed with anyone the transportation of stolen cars. Boakye's testimony was flatly contradicted by the Government informant, as well as by photographic and other evidence. Here, the district court had ample basis to conclude as follows:

> Mr. Boakye just said the Court found him guilty. It was the jury that found him guilty. The jury clearly did not believe him. I think the evidence supports the jury's verdict, and I don't believe that Mr. Boakye was truthful when he testified. And I find by clear and convincing evidence that he gave false testimony concerning material matters with the intent to try and help himself and thereby obstruct[ed] justice.

Likewise, Boakye's argument that his counsel provided ineffective assistance because he did not challenge the basis for the obstruction-of-justice sentence enhancement is meritless.

Accordingly, we AFFIRM the District Court's judgment.